UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

STEPHANIE WESLEY,

                    Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

------------------------------------x

MEMORANDUM DECISION
AND ORDER

16 Civ. 4882 (GBD) (SN)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 15 2017

GEORGE B. DANIELS, United States District Judge:

Plaintiff Stephanie Wesley brought this action under section 205(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking review of a determination by the Commissioner of Social Security that she is not entitled to Supplemental Security Income ("SSI") benefits. (Compl., ECF No. 1.) The parties submitted cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Pl.'s Mot. for J. on the Pleadings ("Pl.'s Mot."), ECF No. 10; Def.'s Cross-Mot. for J. on the Pleadings ("Def.'s Mot."), ECF No. 13.)

Before this Court is Magistrate Judge Sarah Netburn's April 12, 2017 Report and Recommendation ("Report," ECF No. 16), recommending that this Court grant the Commissioner's motion and deny the Plaintiff's motion.[1] This Court adopts that recommendation.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v.*

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

*Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.") (quoting *Nelson*, 618 F. Supp. at 1189).

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 21.) Neither party objected to the Report's recommendation to grant judgment in favor of the Commissioner and deny Plaintiff's cross-motion. Having found no clear error, this Court accepts that recommendation.

This Court may only set aside a decision by the Commissioner if that decision is based upon legal error or not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and must be "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). When the Commissioner's determination is supported by substantial evidence, the decision must be upheld, "even if there also is substantial evidence for the plaintiff's position." *Morillo v. Apfel*, 150 F. Supp. 2d 540, 545 (S.D.N.Y. 2001).

## II. SSA DISABILITY DETERMINATION

Under the Social Security Act, a claimant is entitled to SSI if she can demonstrate that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To assess a claimant's eligibility, the Administrative Law Judge ("ALJ") undertakes a sequential five-step process. 20 C.F.R. § 416.920(a)(4). In the first three steps, the claimant must demonstrate that: (1) she is not currently engaging in substantial gainful activity; (2) she has a "severe impairment" that significantly limits her ability to do basic work activities; and (3) she has an impairment that meets or equals one of the listings in Appendix 1 of the regulations. At Step Four, if the impairment is not included in the regulations, the ALJ will consider whether, despite the claimant's severe impairment, she has the residual functional capacity ("RFC") to perform her past work. Finally, at Step Five, if the claimant is unable to perform her past work, the ALJ will determine whether there is other work that the claimant could perform. *See generally Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)).

In assessing whether a claimant has a disability, the factors to be considered include: "(1) the objective medical facts; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability testified to by the claimant or other[s]; and (4) the claimant's educational background, age, and work experience." *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980). An ALJ must "grant controlling weight to the opinion of a claimant's treating physician if the opinion is well supported by medical findings and is not inconsistent with other substantial evidence." *Rosado v. Barnhart*, 290 F. Supp. 2d 431, 438 (S.D.N.Y. 2003) (citing 20 C.F.R. §§ 416.927(d)(2), 404.1527(d)(2)). If an ALJ does not give a treating physician's opinion controlling weight, he must provide "good reasons" for declining to do so. *See* 20 C.F.R. §§ 416.927(c)(2), 404.1527(c)(2).

### III. THE ALJ'S RFC DETERMINATION

In this case, Wesley argues that the ALJ committed errors of law at Steps Four and Five by (1) assigning incorrect weight to the opinions of several treating physicians and overestimating her ability to sustain full-time employment; and (2) failing to provide jobs available in the national economy that were actually compatible with her RFC. (Report at 9-10.) Having reviewed Magistrate Judge Netburn's Report, this Court agrees that the ALJ correctly analyzed Plaintiff's claim according to the five-step evaluation process.

At Step Four, the ALJ determined that Wesley had the RFC to perform simple, routine, and repetitive tasks under certain conditions, even though Wesley's treating physician, Dr. Contreras, and her therapist, Ms. Branas, assessed "marked" limitations for most areas of functioning. (*Id.* at 12-13.) In making this determination, the ALJ properly gave Dr. Contreras's opinion on Wesley's marked limitations "very little weight." (*Id.* at 14.) Among other reasons, Dr. Contreras's assessment was unsupported by her own treatment notes, and contradicted by the findings of the consultative examiner, Dr. Broska. (*Id.* at 14-17.) The Report also properly concluded that Dr. Broska's findings were supported by substantial evidence in the record and given appropriate weight, and that the RFC determination fairly incorporated the opinion of Dr. Harding. (*Id.* at 16-17.) Although the ALJ failed to reference all five factors in 20 C.F.R. § 416.927(c) when evaluating Dr. Contreras's opinion, the Report appropriately determined that this oversight does not constitute reversible error. (*Id.* at 15-16.)

The Report also properly determined that the ALJ was free to give "no weight" to the opinion of Ms. Branas, a social worker who is considered an "other source" under SSA Regulations. *See Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335, 344 (E.D.N.Y. 2010). As the Report explained, the ALJ could properly discount Ms. Branas's assessment of marked

impairments because it was not supported by other evidence in the record. (Report at 18.) Finally, the Report also properly concluded that the ALJ could assign no weight to Dr. Contreras's and Ms. Branas's statements on the side effects of Plaintiff's medication because there was contradictory or no supportive evidence. (*Id.* at 19.)

For all these reasons, the Report correctly determined that the ALJ's RFC determination was based on substantial evidence and should not be set aside. (*Id.*)

## IV. THE ALJ'S STEP FIVE ANALYSIS

Magistrate Judge Netburn properly concluded that the jobs cited by the ALJ at Step Five matched the RFC determination. (*Id.* at 19.) As further explained in the Report, despite some confusion caused by a typographical error in the RFC, the ALJ properly determined that Wesley was unable to perform assembly line work and then identified several jobs that did not involve that type of work. (*Id.* at 20.) Accordingly, the cited jobs were compatible with the ALJ's RFC determination.

## V. CONCLUSION

Magistrate Judge Netburn's Report and Recommendation is adopted. The Plaintiff's motion for judgment on the pleadings is DENIED. The Commissioner's cross-motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 10 and 13.

Dated: New York, New York
      May __, 2017    MAY 1 5 2017

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge